```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

**THADDEUS D. SMITH, Sr.,**           :
                                       :
    **Plaintiff,**                     :
                                       :
**vs.**                                : CIVIL ACTION NO. 15-00625-WS-B
                                       :
**THE STATE OF ALABAMA BOARD OF**      :
**PARDONS AND PAROLES,**               :
                                       :
    **Defendant.**                     :

### REPORT AND RECOMMENDATION

Plaintiff Thaddeus D. Smith, Sr., who is proceeding *pro se*, filed a complaint and two motions to proceed without prepayment of fees. (Docs. 1, 2, 3). His motions were referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). After careful consideration of Smith's complaint and motions, the undersigned Magistrate Judge recommends that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

    **I. Applicable Law**

Because Smith is seeking to proceed without prepayment of fees, 28 U.S.C. § 1915(e)(2)(B)[1] requires the Court to consider

---

[1] Section 1915(e)(2)(B) provides:

whether his complaint is frivolous, malicious, fails to state claim on which relief may be granted, or seeks monetary relief against a defense who is immune from such relief. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989); Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying to non-prisoner actions § 1915(e), which requires the dismissal of actions that are frivolous or malicious, fail to state a claim, or sue an immune party for damages). A claim is frivolous as a matter of law where, *inter alia,* the defendants are immune from suit, Neitzke, 490 U.S. at 327, 109 S. Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id. Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to

---

    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

        (A) the allegation of poverty is untrue; or

        (B) the action or appeal –

            (i) is frivolous or malicious;

            (ii) fails to state a claim on which relief may be granted; or

            (iii) seeks monetary relief against a defendant who is immune from such relief.

state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S. Ct. at 1965, 1966 (citations omitted). While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S.

3

519, 520, 92 S. Ct. 594, 595-596, 30 L. Ed. 2d 652 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by* Iqbal, 556 U.S. 662 (2009); see Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (observing Iqbal's overruling of GJR Investments' heightened pleading standard). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**II. Analysis**

In this action, Smith has sued the Alabama Board of Pardons and Paroles for violation of his civil rights pursuant to the Fifteenth Amendment and the Voting Rights Act of 1965, 42 U.S.C. § 1973. (Doc. 1 at 2). Smith alleges that, following his release from prison, he sought to have his voting rights restored, and although he was advised by the local office of the Alabama Board of Pardons and Paroles that he had satisfied all fees and was eligible to have his voting rights restored, the Alabama Board of Pardons and Paroles nevertheless denied his request. (Id.). Smith avers that he "believes that the denial

4

of [the] restoration [of his voting] rights by the State of Alabama Pardon and Paroles" was "politically motivated." (Id.). Smith seeks two million dollars and other relief that may be appropriate, including injunctive relief and attorney's fees and costs.[2] (Id.).

Taking Smith's allegations as true, the undersigned finds that he has failed to state a claim upon which relief may be granted. The Fifteenth Amendment provides that, "[t]he right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State *on account of race, color or previous condition of servitude.*" U.S. Const. amend. XV § 1 (emphasis added). Similarly, the Voting Rights Act provides, in pertinent part, that:

> [n]o voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgment of the right of any citizen of the United States to vote on account of race or color. . . .

---

[2] Along with his complaint, Smith has submitted a letter that he presumably received from the Alabama Board of Pardons and Paroles. It reads, in part, "**In order to be eligible to have your rights restored, you must meet certain requirements-you must be off probation/parole and you must have paid off all of your court fees, restitution and probation fees**. . . . [I]t appears you are not eligible to have your 'Voting Rights' restored. It was discovered that you owe $792 in unpaid court ordered fees." (Doc. 1 at 5) (emphasis in original).

52 U.S.C. § 10301 (previously codified at 42 U.S.C. § 1973)(emphasis added). A careful reading of Smith's complaint reflects that it is devoid of any allegation that the Alabama Board of Pardons and Parole denied his request to have his voting privileges restored on account or his race or that the decision to deny his request was racially discriminatory or racially motivated. To the contrary, Smith contends that he believes that the denial of his request was politically motivated. (Doc. 1 at 2). Because Plaintiff has not set forth claims upon which relief may be granted, this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[3] To the extent that Smith believes that he can state a claim that passes muster under § 1915(e)(2)(B), he shall file an amended complaint, along with timely objections, to this report and recommendation.

---

[3] Smith's Fifteenth Amendment claim against the Alabama Board of Pardons and Paroles is also subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. To assert a Fifteenth Amendment violation, the plaintiff must bring a cause of action under 42 U.S.C. § 1983. The law is well-settled that a state agency, as an extension of the State, is "not a 'person' within the meaning of § 1983" and is therefore absolutely immune from suit. Will v. Michigan Dep't of State Police, 491 U.S. 58, 65, 109 S. Ct. 2304, 2309, 105 L. Ed. 2d 45 (1989); see also Turner v. Dillard, 2014 U.S. Dist. LEXIS 25285, *2 (M.D. Ala. Jan. 6, 2014)(Because state agencies are immune from suit under § 1983, the plaintiff's claims against the Alabama Board of Pardons and Parole are "based on an indisputably meritless legal theory" and are, therefore, subject to dismissal as frivolous under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i)).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **22nd** day of **April, 2016.**

                                       /s/ SONJA F. BIVINS
                             **UNITED STATES MAGISTRATE JUDGE**

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of [28 U.S.C. § 636(b)(1)](28 U.S.C. § 636(b)(1)) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for

plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.