IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **THADDEUS D. SMITH, SR.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 15-00625-WS-B |
| **DEMETRIA LEWIS, In her Official** ) | |
| **Capacity of the Pardon Unit with Board** ) | **JURY TRIAL REQUESTED** |
| **Of Pardons and Paroles** ) | |
| ) | |
| **Defendant** ) | |

## AMENDED COMPLAINT

This action pursuant to Under 42 U.S.C. § 1973 under The Voting Rights Act of 1965, the Fourteenth Amendment, Article 11 sec.1, the equal protection clause, the Fifteenth Amendment, Article 7 sec. 10.

The Plaintiff resides at 10230 Sand Ridge Road, Chunchula, Al 36521

Name(s) of defendant(s) Demetria B. Lewis c/o State of Alabama Board of Pardons and Paroles /Pardon Unit ,301 Ripley Street/ P.O. Box 302405 Montgomery, Al 36130-2405 .

### Legal Claim for Suit

The Plaintiff states he applied for his voting rights restoration and pardon until after three years completing his sentence with the state. The Plaintiff apply to have his rights restored by description of Alabama law following all rules and guidelines under Section "15-22-36.1". (Ex.1)

The Plaintiff states clarification as to "politically motivated". The Plaintiff is a African American

the Voting Rights Act was enacted to prevent voting discrimination among African Americans first and foremost.

The Plaintiff states that he submitted proof he owed no fines and was cleared of any balance, however Ms. Demetria Lewis did not follow all required criteria to ensure her determination in denying the Plaintiff's voting rights were correct, thus causing the Plaintiff's voting rights to be violated.

The Plaintiff submits that it is already understood that the Presidency for the year 2012 in which the Plaintiff applied for and expected to vote was also an African American male, now President Barak Obama.

## Statement of Facts

The plaintiff states eligibility to have his voting rights restored by the State of Alabama's own court documents showing there were no monies owed at the time in which the Plaintiff reached his "End of Sentence" with the Board of Pardons and Paroles in September 2009. After applying to vote, the Plaintiff was denied the right to vote in the 2012 Presidential election as well as any state and local elections.

In the national elections 2012, all the various state felony disenfranchisement laws added together blocked an estimated 5.85 million felons from voting, up from 1.2 million in 1976. This comprised 2.5% of the potential voters in general; and included 8% of the potential African-American voters. The state with the highest number of disenfranchised voters was Florida, with 1.5 million disenfranchised, including more than a fifth of potential African-American voters.

Felony disenfranchisement was a topic of debate during the 2012 Republican presidential primary. Rick Santorum argued for the restoration of voting rights for convicted felons who had completed sentences and parole/probation. Santorum's stated position of restoring voting rights

only after the completion of sentence, probation and parole. President Barack Obama also supported restoration of voting rights for ex-offenders.

The Court ruled in Hunter v. Underwood 471 U.S. 222, 232 (1985) that a state's crime disenfranchisement provision will violate Equal Protection if it can be demonstrated that the provision, as enacted, had "both [an] impermissible racial motivation and racially discriminatory impact."(citation omitted).

The Plaintiff believes that the denial of restoration rights was politically motivated by race and felon disenfranchisement along with an attempt to dilute the balance for the Presidential race as African American President Barak Obama sought his second term against "Mitt Romney" whom is a Caucasian male.

## Argument

The Plaintiff is alleging Ms. Demetria Lewis with the Board of Pardons and Paroles Unit, violated his Civil and Constitutional rights by denying the Plaintiff's voting rights restoration or pardon from the State when the Plaintiff was eligible by State requirements. The Plaintiff submits that he had every right to apply for said voting rights and to expect them to be restored, however through deliberate gross neglect Ms. Lewis opted not to update her records and then failed to follow-up with the Mobile County Pardon and Parole Office to ensure that her determination was indeed correct.

Ms. Lewis neither checked with the Mobile County courthouse as to the validity of the Plaintiff's receipt for zero balance which all payments were made through court order as this would have been corrected and the Plaintiff's voting rights would have been restored at best in which this suit would have never materialized.

The Plaintiff states that his debt to society has been paid in full along with any restitution owed, and he is an active member of society. The Plaintiff submits since his completion of sentence he has been paying taxes as any law-abiding citizen and productive member of society, and home-owner with strong ties to the community.

### Relief Requested

The Plaintiff seeks justice through the courts by seeking a full pardoned and voting rights restored  any other relief that may be appropriate.

Date: May 06, 2016

Thaddeus D. Smith Sr. (Pro-Se)
10230 Sand Ridge Road
Chunchula, AL  36521
(251) 303-3166

Thaddeus D. Smith Sr.
10230 Sand Ridge Rd
Chunchula, AL 36521

MOBILE P&DC 366
THU 03 AUG 2017 PM

United States Southern District
of Alabama Federal Court
113 St. Joseph Street
Mobile, AL 36602