IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| THADDEUS D. SMITH, SR.            )<br>                                                       )<br>         Plaintiff                              )<br>                                                       )<br>vs.                                                 )<br>                                                       )<br>DEMETRIA LEWIS, in her official   )<br>Capacity as a former employee of the )<br>Alabama Board of Pardons and Paroles, )<br>                                                       )<br>         Defendant.                          ) | Case No.: 1:15-CV-625 |

## DEFENDANT'S MOTION TO DISMISS

COMES NOW Defendant, Demetria Lewis (hereinafter "Lewis), in her official capacity as a former employee of the Alabama Board of Pardons and Paroles, by and through the undersigned counsel, and hereby files this Motion to Dismiss Plaintiff, Thaddeus Demetrius Smith's Complaint. In support of said Motion, Lewis would state as follows:

1. Plaintiff Smith's Complaint alleges he was denied restoration of his voting rights after applying for the same with the Alabama Board of Pardons and Paroles. Smith further alleges this lack of restoration of his voting rights was due to his race, African American.

2. Defendant Lewis now argues Smith's Complaint is due to be dismissed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state

a claim for which relief may be granted as said Complaint is due to be deemed frivolous.

3. According to 28 U.S.C. § 1915(e)(2)(B), a Court shall dismiss a case if at any time the Court determines that the action is frivolous or malicious. Further, the United States Supreme Court and the Eleventh Circuit have stated, when a plaintiff seeks to proceed without prepayment of fees, Courts are required to consider whether the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002). The United States Supreme Court has also stated a claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Neitzke, 490 U.S. at 327.

4. Smith's Complaint is due to be dismissed as frivolous as a matter of law for two reasons: (1) Defendant Lewis is immune from suit, and (2) Smith's Complaint seeks to enforce a right that clearly does not exist.

5. First, Defendant Lewis is immune from suit under the Eleventh Amendment to the United States Constitution. The State of Alabama and its agencies have absolute immunity from suit in any court. Ex parte Franklin County Dep't of Human Res., 674 So. 2d 1277, 1279 (Ala. 1996). An action suing State employees in their official capacities is considered a complaint against the State and is also

barred by § 14 of the Alabama Constitution. Ex parte Alabama Dep't of Forensic Sciences, 709 So. 2d 455, 457 (Ala. 1997). Finally, as to federal claims, "the Eleventh Amendment prohibits actions seeking a monetary award from a state, state agency, or state employee sued in his or her official capacity." Ex parte Mobile Cty. Dep't of Human Res., 815 So. 2d 527, 530 (Ala. 2001) (citing Ross v. State, 893 F. Supp. 1545, 1549 (M.D. Ala. 1995)). The claims presented in Smith's Complaint are challenges to Lewis's conduct in performing her duties as a Board employee, which are in effect, official capacity claims. Accordingly, Lewis is immune from suit and monetary damages for any actions taken in her official capacity virtue of the Eleventh Amendment to the United States Constitution. Based on the same, Smith's Complaint is due to be dismissed as it is frivolous as a matter of law.

6.  Next, Smith's Complaint is due to be dismissed as it seeks to enforce a right which clearly does not exist. Smith seeks to have this Court order the Board to award Smith a full pardon and restoration of voting rights. (*See* Amended Complaint, Doc. 12, p. 4). Smith does not have a right to receive a full pardon. Rather, the Board is vested with discretionary authority to grant pardons, and as such, has the authority to deny requests for pardons. Because Smith does not have a right to a pardon, his Complaint is frivolous as a matter of law. Alabama Code Section 15-22-36(a) states, "In all cases, except treason and impeachment the board of pardons and paroles shall have the authority and power, after conviction and not otherwise, to grant pardons and paroles and to remit fines and forfeitures." Because the Board has the power to

grant pardons, it clearly also has the power to deny pardons, based on the discretionary language of the above statute. Furthermore, the Middle District of Alabama has stated, "[t]he Alabama statute . . . calls for discretionary rather than mandatory action on the part of the Board. The law directs the Board to consider a number of factors in making their determination, which is a subjective rather than objective determination." <u>Johnston v. Alabama Pardon and Parole Board</u>, 530 F. Supp. 589 (M.D. Ala. 1982). Because granting pardons and paroles is a discretionary power of the Board, Smith clearly does not have a "right" to a pardon, and his Complaint is due to be dismissed as frivolous.

WHEREFORE THE ABOVE PREMISES CONSIDERED, Defendant Demetria Lewis moves this Honorable Court to dismiss Plaintiff Smith's Complaint for failure to state a claim upon which relief may be granted as said Complaint is, as a matter of law, frivolous.

RESPECTFULLY SUBMITTED this the 21st day of December, 2017.

/s/Meridith H. Barnes
MERIDITH H. BARNES
General Counsel
Alabama Board of Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700 / 8714
meridith.barnes@paroles.alabama.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**Thaddeus D. Smith, Sr.**
**10230 Sand Ridge Road**
**Chunchula, AL 36521**

Done this 21st day of December, 2017.

/s/Meridith H. Barnes
MERIDITH H. BARNES
General Counsel
Alabama Board of Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
meridith.barnes@paroles.alabama.gov