# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| THADDEUS D. SMITH, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 15-0625-WS-B |
| ) | |
| DEMETRIA LEWIS, in her official ) | |
| capacity as a former employee of the ) | |
| Alabama Board of Pardons and Paroles, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on Defendant's Motion to Dismiss (doc. 19). Plaintiff, Thaddeus D. Smith, Sr., who is proceeding *pro se*, was given a full and fair opportunity to be heard on the Motion, and was cautioned about the potential consequences of failing to respond in a timely manner.[1] Notwithstanding that warning, Smith failed to file a response within the allotted time period. The Motion is now ripe for disposition.

In his Amended Complaint (doc. 12), Smith asserts an equal protection claim pursuant to 42 U.S.C. § 1983 against defendant Demetria Lewis, in her official capacity as an employee of the Alabama Board of Pardons and Paroles (the "Board").[2] Well-pleaded factual allegations in

---

[1] In particular, the Court entered a briefing schedule on December 27, 2017, fixing a deadline of January 10, 2018 for Smith to respond. That Order also included the following admonition in bold text: "In deference to his *pro se* status, plaintiff is cautioned that this briefing schedule marks his one and only opportunity to be heard on the Motion to Dismiss. If plaintiff fails to file a response in a timely manner, the Court will take the Motion under submission without the benefit of any argument or authorities that plaintiff might otherwise wish to submit." (Doc. 20.)

[2] The Board suggests that Lewis is a former – not current – employee of the Board; however, there is no evidence before the Court to establish such a fact and at any rate it would be inappropriate to convert the Motion to Dismiss into a motion for summary judgment to consider facts outside the four corners of the Amended Complaint at this time.

the Amended Complaint (which are accepted as true for purposes of this Order) reflect that three years after completing a state sentence, Smith applied to the Board for both a full pardon and restoration of his voting rights as provided by Alabama law.[3] According to Smith's pleading, he satisfied all criteria for restoration of his voting rights; however, Lewis denied his application because of his race (African-American) and the expectation that he would vote for an African-American candidate in an upcoming election. A fair reading of the Amended Complaint is that Smith is alleging that he was denied a pardon for the same discriminatory reason. The *ad damnum* clause of the pleading reflects that Smith seeks relief in the form of "a full pardon[ ] and voting rights restored," as well as "any other relief that may be appropriate." (Doc. 12, at 4.)

Now, Lewis (by and through the Board's general counsel) has filed a Motion to Dismiss. In that Motion, defendant seeks dismissal of Smith's Amended Complaint for the following reasons: (i) Lewis is immune from suit under the Eleventh Amendment to the U.S. Constitution; and (ii) Smith "seeks to enforce a right which clearly does not exist," such that his complaint "is frivolous as a matter of law." (Doc. 19, at ¶¶ 4-6.) The Court will consider each of these arguments in turn.

---

[3] A statute found at Alabama Code § 15-22-36.1 allows any person convicted in state or federal court to apply to the Board for a Certificate of Eligibility to Register to Vote if certain requirements are met. Upon submission of such an application, "investigation of the request shall be assigned forthwith to an officer of the state Board of Pardons and Paroles" such as Lewis to ascertain whether the applicant is eligible for such a Certificate and to prepare a report documenting that investigation. Ala. Code § 15-22-36.1(c). If the officer's report concludes that those eligibility criteria have been satisfied and the executive director finds the report to be accurate, then "the Board of Pardons and Paroles shall issue a Certificate of Eligibility to Register to Vote to the applicant within 14 days of receipt of the report by the executive director." Ala. Code § 15-22-36.1(e). The procedure for a full pardon is also prescribed by statute; however, the decision to grant or deny a pardon is entrusted to the Board's discretion. *See, e.g.,* Ala. Code § 15-22-36(a) ("the Board of Pardons and Paroles shall have the authority and power, after conviction and not otherwise, to grant pardons and paroles"); *Strong v. Alabama Bd. of Pardons and Paroles*, 859 So.2d 1201, 1204 (Ala.Crim.App. 2001) ("obtaining a pardon[] is wholly contingent upon either the grace of the detaining authority or some affirmative statutory entitlement"); *Tedder v. Alabama Bd. of Pardons and Paroles*, 677 So.2d 1261, 1263 (Ala.Crim.App. 1996) ("the Alabama parole statute is framed in discretionary terms") (citations omitted); *Johnston v. Alabama Pardon and Parole Bd.*, 530 F. Supp. 589, 591 (M.D. Ala. 1982) ("Absent a showing of arbitrary or capricious action, the Court will not intervene in the discretionary power vested in the Board of Pardons and Paroles.").

First, Lewis invokes Eleventh Amendment immunity. As a general rule, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Papasan v. Allain*, 478 U.S. 265, 276, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (quotation omitted). The Board falls within the scope of Eleventh Amendment protections. *See, e.g., Fuller v. Georgia State Bd. of Pardons and Paroles*, 851 F.2d 1307, 1308-09 (11th Cir. 1988) (affirming district court grant of summary judgment in favor of state parole board "on the grounds that it was entitled to sovereign immunity pursuant to the eleventh amendment"); *Pate v. Alabama Bd. of Pardons and Paroles*, 409 F. Supp. 478, 479 (M.D. Ala. 1976) (opining that Alabama Board of Pardons and Paroles "is immune from suit by virtue of the Eleventh Amendment"). "Moreover, the Eleventh Amendment prohibits suits against state officials where the state is, in fact, the real party in interest." *Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). Such is the case here, inasmuch as Smith sues Lewis solely in her official capacity as an employee of the Board. *See, e.g., Lane v. Central Alabama Community College*, 772 F.3d 1349, 1351 (11th Cir. 2014) ("Generally speaking, the Eleventh Amendment bars civil actions against state officials in their official capacity when the state is the real, substantial party in interest.") (citation and internal quotation marks omitted).

That being said, however, Eleventh Amendment immunity does not preclude suits against state officials in their official capacities for prospective declaratory or injunctive relief for ongoing constitutional violations. *See, e.g., Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011) ("a suit alleging a violation of the federal constitution against a state official in his official capacity for injunctive relief on a prospective basis is not a suit against the state, and, accordingly, does not violate the Eleventh Amendment").[4] That exception looms large here. The *ad damnum* clause of Smith's Amended Complaint is devoid of any demand for money

---

[4] *See also Summit Medical*, 180 F.3d at 1337 ("the Eleventh Amendment bars suits against state officials in federal court seeking retrospective or compensatory relief, but does not generally prohibit suits seeking only prospective injunctive or declaratory relief"); *Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1503 (11th Cir. 1995) ("the Eleventh Amendment does not insulate official capacity defendants from actions seeking prospective injunctive relief") (citation and internal quotation marks omitted); *Hayes v. Secretary, Florida Dep't of Children and Families*, 563 Fed.Appx. 701, 704 (11th Cir. Apr. 18, 2014) ("Hayes's official capacity claim against the Secretary of DCF seeking prospective injunctive or declaratory relief for ongoing constitutional violations is not barred by the Eleventh Amendment.").

damages; rather, he appears to be seeking only prospective injunctive and declaratory relief (*i.e.*, restoration of voting rights and a full pardon) for what he claims to be ongoing constitutional deprivations (*i.e.*, the denial of his applications for restoration of voting rights and a pardon). The Motion to Dismiss does not address this critical issue at all, much less offer any factual or legal basis for concluding that Eleventh Amendment immunity may nonetheless attach under these circumstances. Accordingly, this ground for dismissal is unpersuasive at this time.

Second, defendant argues that "Smith's Complaint is due to be dismissed as it seeks to enforce a right which clearly does not exist." (Doc. 19, ¶ 6.) Defendant goes on to explain why, under Alabama law, Smith has no right to receive a full pardon. In that regard, Lewis is correct that as a general matter, Smith could not bring a viable due process claim predicated on the denial of a pardon because he has no liberty interest in receiving a pardon under the Alabama pardon statute. *See Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982) ("The Alabama statute … calls for discretionary rather than mandatory action on the part of the board. … When the statute is framed in discretionary terms there is not a liberty interest created.").[5] However, the Eleventh Circuit has repeatedly recognized that denial of a pardon may be actionable on equal protection grounds. *See, e.g., Fuller*, 851 F.2d at 1310 ("This Court has recognized that an inmate may challenge the denial of pardon or parole on equal protection grounds").[6] A fair reading of the Amended Complaint is that Smith is claiming that defendant denied his pardon application on the basis of his race; therefore, it appears that he is in fact asserting an equal

---

[5] Even in circumstances where no liberty interest is created, the Eleventh Circuit has recognized that a due process claim may lie where the Board's challenged parole/pardon decision is made on the basis of "flagrant or unauthorized action," such as knowing reliance on false information. *See, e.g., Monroe v. Thigpen*, 932 F.2d 1437, 1442 (11th Cir. 1991) ("It is true that the Alabama parole statute is framed in discretionary terms and therefore does not confer a liberty interest in parole. … Nevertheless, this discretion is not unlimited. A parole board may not engage in 'flagrant or unauthorized action.' … Section 15-22-26 cannot be read as granting the Board the discretion to rely upon false information in determining whether to grant parole.") (citations and footnote omitted). However, *Monroe* is inapplicable here because Smith's Amended Complaint contains no allegations of flagrant or unauthorized action by defendant in relation to the denial of his pardon application that might support a claim that defendant treated Smith arbitrarily and capriciously, or otherwise in violation of due process.

[6] *See also Osborne v. Folmar*, 735 F.2d 1316, 1317 (11th Cir. 1984) ("a person may challenge a pardon or parole decision on equal protection grounds though he asserts a due process claim that fails").

-4-

protection claim here. Even though Smith has no absolute right to be pardoned, he certainly does have a federal constitutional right not to have his pardon application denied because of invidious racial discrimination. *See generally Strong v. Alabama Bd. of Pardons and Paroles*, 859 So.2d 1201, 1204 (Ala.Crim.App. 2001) ("While no constitutional or inherent right of a convicted person to be conditionally released prior to the expiration of a valid sentence exists, … a prisoner has the right to be properly considered for parole. … The paroling authority must comply with constitutional requirements and may not determine parole eligibility on improper grounds.") (citations omitted).

More fundamentally, the principal wrong at which the Amended Complaint is directed is the denial of Smith's application for restoration of voting rights. The Motion to Dismiss fails to address this aspect of the claim at all. Unlike pardon decisions, the Alabama statute frames the restoration of voting rights in mandatory, not discretionary, terms. *See* Ala. Code § 15-22-36.1(e) ("If the report … states that the applicant has met all of the eligibility criteria … and the executive director … attests that the report has been submitted properly and accurately, the Board … ***shall issue*** a Certificate of Eligibility to Register to Vote") (emphasis added). Defendant's Motion omits any authority or analysis that might support her conclusory contention that Smith's claim for restoration of voting rights is seeking to enforce a right that "clearly does not exist." Besides, even if the restoration of voting rights were a decision vested in the Board's discretion (which does not appear to be the case on the face of § 15-22-36.1(e)), equal protection principles would forbid defendant from denying Smith's application on the basis of his race, as the Amended Complaint alleges she did.

For all of these reasons, the Motion to Dismiss is **denied**. Lewis is **ordered** to file an Answer to the Amended Complaint on or before **February 8, 2018**.

DONE and ORDERED this 25th day of January, 2018.

                                        s/ WILLIAM H. STEELE
                                        UNITED STATES DISTRICT JUDGE