IN THE UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

THADDEUS D. SMITH SR.

    Plaintiff,

v.

                                CIVIL ACTION 15-0625-WS-B

DEMETRIA B. LEWIS, in her official

capacity as a former employee of the

Alabama Board of Pardons and Paroles,

    Defendant,

## PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

Pursuant to Federal Rules of Procedure, Rule 56, Summary Judgment Standard Summary judgment should be granted only if there is no genuine issue as to any material fact and the Movant is entitled to judgment as a matter of law. F.R.C. P. 56(c)(2).1 The 1 Rule 56(c)(2) of the Federal Rules of Civil Procedure, provides that summary judgment shall be granted: if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the Movant is entitled to judgment as a matter of law.

## STATMENT

The Fifteenth Amendment to the Constitution is absolute when it says "The right of citizens of the United States to vote shall not be denied or abridged… on account of race." As the Supreme Court has explained, "race cannot qualify some and disqualify others from full participation in our democracy."

Racial voting restrictions violate the Fourteenth Amendment's equal protection clause. The Constitution's promise that all citizens will be treated equally under the law has led the Supreme Court to say that "a citizen has a constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction."

## FACTS

It is established by the court the Defendant, Demetria Lewis' was not protected by the Eleventh Amendment. Sovereign immunity does not bar any suit that prospectively seeks to prevent state officials from conduct that violates federal law. See Ex parte Young, 209 U.S. 123 (1908); MCI Telecom. Corp. v. Illinois Bell Tel. Co., 222 F.3d 323, 337 (7th Cir. 2000). "In determining whether the doctrine of Ex parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" Verizon Md. Inc. v. Public Service Comm. of Md., 535 U.S. 635, 645 (2002). Not only does Ex parte Young provide an exception to any Eleventh Amendment bar, the prospective relief sought here seeks to enjoin a continuing violation of the Equal Protection Clause and the Voting Rights Act.

The Plaintiff concurs with to the court that the Defendant has not offered the court any other explanation or factual rebuttal to the Amended Complaint nor the order given

by your Honor. The Defendant has only been able to answer the Amended Complaint by denial of all statements. The Defendant states that she is a now former employee of the Board of Pardon and Paroles, but is still possibly on the state's payroll and receiving monies while being represented by the state's general counsel at the tax payers' expense since this case was filed in Federal Court.

However, the court has made note that the Defendant and the Board of Pardon and Parole as saying former employee, but the court has no proof to validate this as fact. Let the court notice on the remarks section of Ms. Lewis's document (Exhibit A), it states," Leave to be paid in accordance with GHRS." There is a (x) in the box listed Resignation at the top, but is approved to receive paid leave. The Plaintiff offers the court that the Government Human Resource System (GHRS) is the State level payroll/personnel management system used to pay all State employees. It is an integrated system whereby payroll and personnel are used in conjunction with each other. A payroll warrant (or direct deposit) cannot be issued without the proper personnel documentation established in the system. GHRS controls the number of personnel positions available statewide and by agency, tracks the history of each position incumbent, controls and maintains personnel leave balances, and ensures compliance with State personnel laws, regulations and pay plan. GHRS also accumulates, calculates and accounts for employee deductions, both mandatory (retirement, State and Federal income taxes, etc.) and voluntary (Credit Union deductions, third party insurance, etc.) and generates the appropriate W2s and 1099 forms."

The Plaintiff then raises the question does Ms. Lewis seek to deceive the courts as to her employment with the state by submitting said document, Exhibit A. Is the Defendant

still in the same job position and on leave pending the outcome of this case? This leaves question to the legitimacy of her ongoing employment with the state Board of Pardon and Paroles in her official capacity and any further discrimination that ties the Defendant to the Plaintiff's case and any further applications that the Plaintiff would have to send through Ms. Lewis's (former) or department. The Plaintiff suggest that as a matter of question in granting said Summary Judgment that the courts validate Ms. Lewis's (non) or employment through the (GHRS), by which her leave was paid in accordance to as listed on Defendants, Exhibit A. The Plaintiff is afraid that if the Defendant is still at her position and on leave to return pending outcome, than that still leaves the Plaintiff in even more hardship as to obtaining any constitutional or civil rights, but recreates the same set of circumstances that existed prior to this Complaint being filed with the courts.

## ARGUMENT

The Plaintiff reiterates that all criteria were met to apply for voting rights and pardon under statute of the law. The Plaintiff contends that Ms. Lewis failed to follow the steps as outlined by her own departmental standards and state statue and as outlined in judge's order. The Defendant has sought to only deny the entire Federal court Amended Complaint, choosing not to acknowledge any facts that the Plaintiff's rights were violated by her as her signature was the deciding factor on all documents received by Plaintiff from Ms. Lewis in her official capacity with the Board of Pardons and Parole. The Plaintiff contends that restoration of his voting rights were due, even if no pardon was given the Plaintiff should have received an answer to the application. The Plaintiff submits he was entitled by law to a fair and nondiscriminatory process on both applications. The Plaintiff further states that if Ms. Lewis had followed protocol for both applications there should

have been provided to the Plaintiff the proper paperwork as detailed in the guidelines listed for Code Title 15, and the Plaintiff would have received notice from the Board with signatures from the same two names of authority that signed off on her Exhibit A form, instead of just Ms. Lewis's signature.

Instead the Plaintiff continues to be denied and further disenfranchised by the denial of his constitutional rights through this discriminatory process and that presently these rights are still being violated unjustly and without merit. Now the Plaintiff is grieved once again, first by missing the elections of the first African American President for a second term especially being African American, but recently, watching the monumental Presidential election of 2017 and being deprived of the same privilege already earned has been more than demoralizing in every way possible for myself and family included. This case has been in the courts for over three years with no resolve, and the Plaintiff prays that the court accepting the facts of this case as forth-right and true rule in the Plaintiffs favor based on all materials submitted with the Amended Complaint and the Defendants inability to answer.

Alabama Code Title 15. Criminal Procedure § 15-22-36.1 (a) Any other provision of law notwithstanding, any person, regardless of the date of his or her sentence, may apply to the Board of Pardons and Paroles for a Certificate of Eligibility to Register to Vote if all of the following requirements are met:

(1) The person has lost his or her right to vote by reason of conviction in a state or federal court in any case except those listed in subsection (g).

(2) The person has no criminal felony charges pending against him or her in any state or federal court.

(3) The person has paid all fines, court costs, fees, and victim restitution ordered by the sentencing court at the time of sentencing on disqualifying cases.

(4) Any of the following are true:

a. The person has been released upon completion of sentence.

b. The person has been pardoned.

c. The person has successfully completed probation or parole and has been released from compliance by the ordering entity.

(b) The Certificate of Eligibility to Register to Vote shall be granted upon a determination that all of the requirements in subsection (a) are fulfilled.

(c) Upon receipt of an application under this section, investigation of the request shall be assigned forthwith to an officer of the state Board of Pardons and Paroles. The assigned officer shall verify, through court records, records of the board, and records of the Department of Corrections, that the applicant has met the qualifications set out in subsection (a). Within 30 days of the initial application for a Certificate of Eligibility to Register to Vote, the officer shall draft a report of his or her findings including a statement as to whether the applicant has successfully completed his or her sentence and has complied with all the eligibility requirements provided in subsection (a).

(d) After completing the investigation set out in subsection (c), the officer shall submit his or her report of investigation to the Executive Director of the Board of Pardons and Paroles.

(e) If the report created pursuant to subsection (c) states that the applicant has met all of the eligibility criteria set forth in subsection (a), and the executive director or his or her designee attests that the report has been submitted properly and accurately, the Board of Pardons and Paroles shall issue a Certificate of Eligibility to Register to Vote to the applicant within 14 days of receipt of the report by the executive director.

(f) If the report created pursuant to subsection (c) states that the applicant has not met all of the eligibility criteria set forth in subsection (a), and the executive director or his or her designee attests that the report has been submitted properly and accurately, the Board of Pardons and Paroles shall not issue a Certificate of Eligibility to Register to Vote and shall notify the applicant of the decision and reason or reasons for the decision within 14 days of receipt of the report by the executive director. The applicant, upon completion of the

eligibility requirement in subsection (a) for restoration of his or her rights, may submit a new application at any time if he or she has met the certification criteria.

## CONCLUSION

The Plaintiff testifies that all documentation of discovery was submitted at the start of these proceedings to meet the Burdon of Proof, and beyond a reasonable doubt that the Defendant, Demetria Lewis, violated his constitutional and civil rights as stated in Amended Complaint.

For the reasons stated above, the Plaintiff ask the Courts to grant this summary judgment motion and with the Plaintiff's voting rights restored, injunctive relief, orders of protection in accordance with federal law and any other relief your honor and the federal court deem appropriate to the Plaintiff's continued violations of federal law.

Date: **March 18, 2018**

Thaddeus D. Smith Sr. Pro-Se
10230 Sand Ridge Road
Chunchula, Al 36521
762-436-7133

**PRESS FIRMLY TO SEAL**




U.S. POSTAGE PAID
SCOTTDALE, GA
30079
MAR 19, 18
AMOUNT
$6.70
1000  36602  R2305K141350-07

# PRIORITY
## ★ MAIL ★

**FRO**

# PRIORITY
## ★ MAIL ★

**UNITED STATES POSTAL SERVICE ®**
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

**FROM:**

Thaddeus D. Smith Sr.
10230 Sand Ridge Road
Chinchula, Alabama
36521

 DATE OF DELIVERY SPECIFIED*

 USPS TRACKING™ INCLUDED*

 INSURANCE INCLUDED*

 PICKUP AVAILABLE

* Domestic only

**TO:** United States District Court, Southern District of Alabama
113 St. Joseph Street
Mobile, Ala 36602

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

Label 228, March 2016

Expected Delivery Day: 03/21/2018

**USPS TRACKING NUMBER**




This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.