IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| THADDEUS D. SMITH, SR.        )<br>                                               )<br>     Plaintiff                              )<br>                                               )<br>vs.                                          )<br>                                               )  Case No.: 1:15-CV-625<br>DEMETRIA LEWIS, in her official  )<br>Capacity as a former employee of the )<br>Alabama Board of Pardons and Paroles, )<br>                                               )<br>     Defendant.                          ) | |

**DEFENDANT'S MOTION TO DISMISS AS MOOT**

COMES NOW Defendant, Demetria Lewis (hereinafter "Lewis), in her official capacity as a former employee of the Alabama Board of Pardons and Paroles, by and through the undersigned counsel, and hereby files this Motion to Dismiss Plaintiff's Complaint as Moot. In support of said Motion, Lewis would state as follows:

1.  Plaintiff, Thaddeus Demetrius Smith's Complaint alleges he was denied restoration of his voting rights and a pardon after applying for the same with the Alabama Board of Pardons and Paroles. Smith further alleges this lack of restoration of his voting rights and pardon was due to his race, African American.

2.  Defendant Lewis originally filed a Motion to Dismiss and argued that Plaintiff failed to state a claim for which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Defendant Lewis

1

argued Plaintiff's Complaint was due to be deemed frivolous as Lewis was immune from suit and because Plaintiff's Complaint sought to enforce a right that clearly does not exist.

3. On January 25, 2018, this Court entered an Order denying Defendant Lewis's Motion to Dismiss. This Court based its decision on multiple grounds. First, this Court noted that Eleventh Amendment immunity does not apply in this case as Plaintiff's Amended Complaint only seeks to enforce prospective injunctive and declaratory relief and is devoid of any demand for money damages. (Doc. 21, pp. 2-3; citing Grizzle v. Kemp, 634 F.3d 1314, 1319 (11th Cir. 2011)). Next, this Court stated Defendant Lewis was correct in her assertion that Plaintiff could not bring a viable due process claim predicated upon the denial of a pardon because he has no liberty interest in receiving a pardon under Alabama law. (Doc. 21, p. 4; citing Thomas v. Sellers, 691 F.2d 487, 489 (11th Cir. 1982)). This Court goes on to state that while Plaintiff cannot bring a viable due process claim, he may challenge the denial of a pardon on equal protection grounds. (Doc. 21, p. 4; citing Fuller v. Georgia State Bd. of Pardons and Paroles, 851 F.2d 1307, 1310 (11th Cir. 1988)). Finally, this Court addresses what it deems the "principal wrong at which the Amended Complaint is directed," the denial of Plaintiff's application for restoration of voting rights. (Doc. 21, p. 5). Defendant Lewis will address each of these aspects

of this Court's Order in support of her argument that this matter is due to be dismissed as moot.

4. First, this Court noted the only damages Plaintiff seeks in this case are prospective injunctive and declaratory relief, and not any money damages. Specifically, Plaintiff seeks to have his voting rights restored and a full pardon. This matter is due to be dismissed as moot as Plaintiff has now been sent a Certificate of Eligibility to Register to Vote. (See Exhibit A). Plaintiff now has the ability to become a registered voter. Additionally, Plaintiff's pardon application is currently being processed by the Board. As such, there is no further relief for this Court to grant to Plaintiff and this matter is due to be dismissed as moot.

5. As stated in her first Motion to Dismiss, Plaintiff does not have a right to receive a pardon. This Court acknowledged in its Order issued on January 25, 2018 that Plaintiff "could not bring a viable due process claim predicated on the denial of a pardon because he has no liberty interest in receiving a pardon under the Alabama pardon statute." (Doc. 21, citing Thomas v. Sellers, 691 F.2d 487, 489 (11th Cir. 1982)). This Court goes on to state that an inmate may challenge the denial of a pardon on equal protection grounds, and based on Plaintiff's claim that he has been denied a pardon on the basis of race, it appears he is asserting an equal protection claim. However, an equal protection claim by Plaintiff should also fail as he cannot meet the burden required to prove such a claim.

6. Alabama law provides the basic tenet of the equal protection clause is not that all persons must be treated equally, but rather that all persons similarly situated must be treated equally. Tucker v. Alabama Bd. of Pardons and Paroles, 188 So. 3d 713, 717-18 (Ala. Crim. App. 2015) (citing Smith v. State, 518 So. 2d 174, 176 (Ala. Crim. App. 1987). Alabama law further provides the decision to grant or deny a pardon is entrusted to the Board's discretion. See Ala. Code § 15-22-36(a). Further, the Middle District of Alabama has stated, "absent a showing of arbitrary or capricious action, the Court will not intervene in the discretionary power vested in the Board of Pardons and Paroles." Johnston v. Alabama Bd. of Pardons and Paroles, 530 F. Supp. 589, 591 (M. D. Ala. 1982). Plaintiff can show absolutely no conduct by Defendant which amounts to arbitrary or capricious action. Rather, Plaintiff continues to raise baseless allegations that he was denied voting rights and a pardon based on his race with no evidence to support such a contention.

7. In order to establish a claim cognizable under the Equal Protection Clause, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment, and (2) his discriminatory treatment was based on some constitutionally protected interest such as race. Damiano v. Fla. Parole & Prob. Comm'n, 785 F.2d 929, 932-33 (11th Cir. 1986). Moreover, to succeed on an equal protection challenge, the plaintiff must also demonstrate the existence of discriminatory intent; arbitrary application of prison

rules without discriminatory intent is insufficient to demonstrate a violation of the equal protection clause. <u>Jones v. White</u>, 992 F.2d 1548, 1573 (11th Cir. 1993); <u>E&T Realty v. Strickland</u>, 830 F.2d 1107 (11th Cir. 1987). Official action will not be held unconstitutional solely because it results in a disproportionate impact. Proof of discriminatory intent or purpose is required to show a violation of the equal protection clause. Where a plaintiff challenge actions of parole officials, exceptionally clear proof of discrimination is required. <u>Fuller v. Ga. Bd. of Pardons and Paroles</u>, 851 F.2d 1307, 1310 (11th Cir. 1988).

8. Plaintiff can provide absolutely no facts or evidence to support his claim that his voting rights or pardon were denied because of his race, much less the "exceptionally clear proof" required to support an equal protection claim against parole officials. Alabama law states a party who alleges an equal protection violation has the burden of proving "the existence of purposeful discrimination." <u>Facion v. State</u>, 627 So. 2d 1144, 1145 (Ala. Crim. App. 1993) (quoting <u>McCleskey v. Kemp</u>, 481 U.S. 279, 292 (1987)). It is simply not possible for Plaintiff to provide facts or evidence to meet the required burden of "exceptionally clear proof" of purposeful race discrimination in the voting rights restoration or pardon process.

9. Although Plaintiff is not entitled to a receive a pardon and as stated above, cannot meet the burden required for an equal protection claim, Plaintiff's ability to register to vote has been restored. Additionally, Plaintiff's application for

a full pardon is currently being processed by the Board. This relief is the most Plaintiff could hope for as a result of this lawsuit. The only further relief sought by Plaintiff would be to have his pardon application granted, an action that is within the total discretion of the Board and an action which this Court is without authority to grant relief. As such, this matter is due to be dismissed as moot.

WHEREFORE THE ABOVE PREMISES CONSIDERED, Defendant Demetria Lewis moves this Honorable Court to dismiss Plaintiff Smith's Complaint as Moot as Plaintiff has now received all relief which this Court has authority to grant.

RESPECTFULLY SUBMITTED this the 22nd day of March, 2018.

/s/Meridith H. Barnes
MERIDITH H. BARNES
General Counsel
Alabama Board of Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700 / 8714
meridith.barnes@paroles.alabama.gov

## **CERTIFICATE OF SERVICE**

 I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**Thaddeus D. Smith, Sr.
10230 Sand Ridge Road
Chunchula, AL 36521**

 Done this 22nd day of March, 2018.

/s/Meridith H. Barnes
MERIDITH H. BARNES
General Counsel
Alabama Board of Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
meridith.barnes@paroles.alabama.gov