IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THADDEUS D. SMITH, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 15-0625-WS-B |
| ) | |
| DEMETRIA LEWIS, in her official ) | |
| capacity as a former employee of the ) | |
| Alabama Board of Pardons and Paroles, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the Court on the Motion for Summary Judgment (doc. 24) filed by plaintiff, Thaddeus D. Smith Sr., who is proceeding *pro se*.

Smith correctly observes that his Motion for Summary Judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. That rule provides that entry of summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a), Fed.R.Civ.P. Because Smith would bear the burden of proof at trial on the relevant issues in this case, for his Motion to be meritorious Smith "must show *affirmatively* the absence of a genuine issue of material fact: [he] must support [his] motion with credible evidence … that would entitle [him] to a directed verdict if not controverted at trial. In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (citation omitted); *see also Rich v. Secretary, Florida Dep't of Corrections*, 716 F.3d 525, 530 (11th Cir. 2013) (same); *ND Properties v. BLRG Restaurant Group, Inc.*, 649 Fed.Appx. 861, 864 (11th Cir. May 12, 2016) ("When the moving party has the burden of proof at trial, it must affirmatively show the absence of any genuine issue of material fact by pointing to competent evidence in the record, which, if uncontroverted, would entitle the moving party to a directed verdict at trial.").

Smith's Motion posits that he is asserting an equal protection claim against defendant, Demetria Lewis, for denying his application for a Certificate of Eligibility to Register to Vote, pursuant to Alabama Code § 15-22-36.1. Plaintiff's theory of liability is that Lewis denied his application because of Smith's race, African-American. To establish such a claim, Smith bears the burden of proof at trial of proving not only that he satisfied Alabama's statutory eligibility criteria for restoration of his voting rights, but also that Lewis's denial of that application violated equal protection. The law is crystal clear that "to prevail on a claim that defendant unequally applied a facially neutral statute, a plaintiff must show intentional discrimination." *E & T Realty v. Strickland*, 830 F.2d 1107, 1112 (11th Cir. 1987); *see also Morrissey v. United States*, 871 F.3d 1260 (11th Cir. 2017) ("To make out an equal protection claim, a plaintiff must prove purposeful, intentional discrimination – and to do that, he must prove that the governmental decisionmaker acted as it did because of, and not merely in spite of, its effects upon an identifiable group.") (citations and internal quotation marks omitted). Simply put, "[p]roof of discriminatory intent or purpose is a necessary prerequisite to any Equal Protection Clause claim." *Corey Airport Services, Inc. v. Clear Channel Outdoor, Inc.*, 682 F.3d 1293, 1297 (11th Cir. 2012) (citation omitted).

Even assuming the dubious proposition that the fragmentary documents (including a letter from Lewis dated June 18, 2012, reflecting that Smith's application had been denied because he owed $792 in unpaid court ordered monies, and a printout of unspecified origin dated May 23, 2012 and reflecting a "balance due" on something of $0) attached to Smith's original (and now superseded) Complaint (doc. 1) suffice to constitute affirmative evidence that he satisfied all eligibility criteria of § 15-22-36.1(a), Smith's Motion for Summary Judgment must fail. He has not submitted credible evidence that would entitle him to a directed verdict at trial on the question of purposeful, intentional discrimination, which is an essential element of his case on which he bears the burden of proof. That determination defeats his conclusory Motion for Summary Judgment on its face, and obviates the need for any further or additional analysis of the merits of same.

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (doc. 24) is **denied**. DONE and ORDERED this 23rd day of March, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE