IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| THADDEUS D. SMITH, SR., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 15-0625-WS-B |
| | ) | |
| DEMETRIA LEWIS, in her official | ) | |
| capacity of the Pardon Unit with Board | ) | |
| of Pardons and Paroles, | ) | |
| | ) | |
|     Defendant. | ) | |

**ORDER**

    This matter comes before the Court on Defendant's Motion to Dismiss as Moot (doc. 25). Plaintiff, Thaddeus D. Smith, Sr., who is proceeding *pro se*, was given a full and fair opportunity to be heard on the Motion, and was cautioned about the potential consequences of failing to respond in a timely manner.[1] Plaintiff's Response (doc. 33) was filed a week after the deadline; however, the Court in its discretion has reviewed and considered it in full. The Motion is now ripe for disposition.

    In his Amended Complaint (doc. 12), Smith brings an equal protection claim pursuant to 42 U.S.C. § 1983 against defendant, Demetria Lewis, in her official capacity as an employee of the Alabama Board of Pardons and Paroles (the "Board"). The gravamen of Smith's claims is that the Board denied his application for restoration of voting rights pursuant to Alabama Code § 15-22-36.1 and denied his application for a pardon pursuant to Alabama Code § 15-22-36(a), all because of his race (African-American). The Amended Complaint specifies that Smith seeks

---

[1] In particular, the Court entered a briefing schedule on March 23, 2018, fixing a deadline of April 13, 2018 for Smith to respond. That Order also included the following guidance to Smith in bold text: "In deference to his *pro se* status, plaintiff is cautioned that this briefing schedule marks his only opportunity to be heard on the Motion to Dismiss. If plaintiff fails to file a response in a timely manner, the Court will take the Motion under submission without the benefit of any argument or authorities that plaintiff might otherwise wish to submit." (Doc. 27.)

relief in the form of "a full pardon[ ] and voting rights restored," as well as "any other relief that may be appropriate." (Doc. 12, at 4.) Notably, the Amended Complaint does not seek money damages or other compensatory relief; rather, the remedy demanded by Smith is confined to prospective injunctive relief (*i.e.*, restoration of voting rights and a full pardon).[2]

In its current, second Motion to Dismiss, defendant argues that Smith's Amended Complaint is now moot. Insofar as Smith is requesting that this Court order the Board to restore his voting rights pursuant to Alabama Code § 15-22-36.1, the Board shows that it has already taken that action voluntarily. Indeed, Exhibit A to the Motion purports to be a letter from the Board's Executive Director to Smith and enclosing an executed "Certificate of Restoration of Voter Registration Rights" in Smith's favor dated February 20, 2018. (Doc. 25-1.) In light of this development, the Amended Complaint is plainly **moot** to the extent that Smith seeks a court order prospectively enjoining the Board to grant such a Certificate in Smith's favor. There is simply nothing further for this Court to do on this aspect of the Amended Complaint.[3]

---

[2] Smith now suggests that he may actually want monetary relief because he requested $2 million in damages in his original complaint. (Doc. 33, at 2.) This argument is frivolous. The original complaint is of no legal effect because it was superseded by Smith's Amended Complaint, which lacks any demand for monetary relief. *See, e.g., Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.") (citations and internal marks omitted). Besides, any request for money damages against this defendant in her official capacity would plainly be barred by the Eleventh Amendment, as a matter of law. *See, e.g., Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999) ("the Eleventh Amendment bars suits against state officials in federal court seeking retrospective or compensatory relief"); *Cross v. State of Alabama, State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1503 (11th Cir. 1995) ("The Eleventh Amendment bars appellees' section 1983 lawsuit for monetary damages against [state officials] in their official capacities," inasmuch as "the state is considered the real party in interest because an award of damages would be paid by the state") (citations omitted).

[3] Smith's response to the Board's argument is twofold. First, he states that he "feels further violated by the fact the Defendant claims she is a former employee of the Board of Pardon and Paroles, but is able to have access to my person records to facilitate a once denied application for voting rights." (Doc. 33, at 2.) Smith misunderstands the defendant's identity. He sued Demetria Lewis in her official capacity as an employee of the Board. This is the functional equivalent of a suit against the Board itself. *See, e.g., Smith v. Allen*, 502 F.3d 1255, 1275 (11th Cir. 2007) ("A suit against a state official in his or her official capacity is not a suit against the official but is rather a suit against the official's office."), *abrogated on other grounds by Sossamon v. Texas*, 563 U.S. 277 (2011). It was the Board of Pardons and Paroles – not its
(Continued)

As noted, Smith's Amended Complaint also requests the remedy of a full pardon. Alabama law is clear that the decision to grant or deny a pardon application is entrusted to the Board's discretion.[4] In its Motion to Dismiss, defendant affirmatively represents that Smith's "pardon application is currently being processed by the Board." (Doc. 25, ¶ 4.) Defendant's position is that "[t]his relief is the most Plaintiff could hope for as a result of this lawsuit" and that this Court lacks authority to compel the Board to exercise its discretion on Smith's pardon application in a particular manner. (*Id.* at 6.) Despite being given an opportunity to do so, Smith does not dispute the veracity of defendant's statement that the Board is currently processing his pardon application, and does not quarrel with the legal premise of the Board's argument. The Court has no information and no allegation before it that the Board will process Smith's pardon application at this time in an arbitrary, capricious or racially biased manner. Of course, Smith cannot maintain a viable § 1983 action against the Board based on mere speculation or abstract

---

former employee, Demetria Lewis – that issued the Certificate of Restoration of Voter Registration Rights in Smith's favor in February 2018. Nothing about this corrective action justifies Smith's contention that he "feels further violated." Second, Smith suggests that his voting rights have not actually been restored. The plain language of the Certificate is to the contrary. (*See* doc. 25-1, at 2 (ordering that "the rights as an elector that were forfeited as a result of the aforesaid conviction(s) be and ***they are hereby restored***") (emphasis added).) Certainly, Smith still must register to vote with his local registrar's office, which may deny him registration if he fails to meet citizenship and other requirements imposed by applicable law; however, that registration process has nothing to do with the Board, which has now given Smith the full measure of relief within its authority to grant vis a vis his request for restoration of voter registration rights.

[4]  *See, e.g.,* Ala. Code § 15-22-36(a) ("the Board of Pardons and Paroles shall have the authority and power, after conviction and not otherwise, to grant pardons and paroles"); *Strong v. Alabama Bd. of Pardons and Paroles*, 859 So.2d 1201, 1204 (Ala.Crim.App. 2001) ("obtaining a pardon[] is wholly contingent upon either the grace of the detaining authority or some affirmative statutory entitlement"); *Tedder v. Alabama Bd. of Pardons and Paroles*, 677 So.2d 1261, 1263 (Ala.Crim.App. 1996) ("the Alabama parole statute is framed in discretionary terms") (citations omitted); *Johnston v. Alabama Pardon and Parole Bd.*, 530 F. Supp. 589, 591 (M.D. Ala. 1982) ("Absent a showing of arbitrary or capricious action, the Court will not intervene in the discretionary power vested in the Board of Pardons and Paroles.").

hypothesis that the Board may someday process his pardon application in a manner that trammels his civil rights.[5]

For all of these reasons, the Court concurs with defendant's assessment that, given the Board's issuance of a certificate restoring Smith's voter registration rights and the Board's acceptance and ongoing processing of Smith's application for a full pardon, "there is nothing further for this Court to do." (Doc. 28, at 3.) Defendant has already done everything that Smith was petitioning this Court to order defendant to do and that the Court would have been empowered to enjoin the Board to do under Alabama law. Simply put, the Board has now taken the very steps that Smith was suing to compel the Board to take. As such, the Amended Complaint is **moot** because the prospective injunctive relief sought by Smith has been voluntarily provided by the Board. The Motion to Dismiss as Moot (doc. 25) is **granted**, and this action is **dismissed without prejudice**.

DONE and ORDERED this 26th day of April, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[5] Smith's only response on this point is to observe that his pardon application "can still be denied." (Doc. 33, at 2.) Sure, but at this time it is impossible to know whether the Board will exercise its discretion in a manner that grants or denies a pardon to Smith, much less whether Smith will have any plausible factual basis for challenging any denial as a violation of equal protection or other constitutional or statutory rights. Any claim by Smith predicated on a denial by the Board that has not happened yet – and may or may not ever happen – is unripe and cannot be maintained at this time. *See, e.g., Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997) ("The ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes.").